UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 20-CR-91

ANTWON MOORE,

    Defendant.

## REPORT AND RECOMMENDATION ON
## DEFENDANT'S MOTION TO DISMISS

      On June 16, 2020, a grand jury convened and returned an indictment charging Antwon Moore with two counts of possession of a firearm by a felon, one count of attempting to tamper with a witness, and one count of arson of a building used in interstate commerce. ECF No. 9. Now, Moore moves for dismissal of the two counts for unlawful possession of a firearm, arguing that they violate double jeopardy because he never relinquished possession of the firearm between the events giving rise to counts one and two. ECF No. 16. For the reasons set forth below, I recommend that Moore's motion be denied.

### BACKGROUND

      The following allegations are taken from the criminal complaint and indictment. *See* ECF Nos. 1 and 9. Counts one and two charge Moore with possession of the same firearm on March 17, 2020, and March 25, 2020, respectively. On March 17, 2017, the Milwaukee Police Department (MPD) responded to a report of a person brandishing a firearm. Upon arrival, MPD interviewed two witnesses: AW and DB. DB stated that she recognized the person who brandished the weapon as her ex-boyfriend, Moore. Both DB and AW attested

that Moore had approached them and challenged AW to a fight. After AW refused, Moore then withdrew a firearm from his pocket and discharged the firearm at AW's feet. Moore subsequently struck AW in the face with a closed fist before fleeing on foot. ECF No. 1, ¶¶ 7-12.

In the days that followed, DB reported that Moore came to her place of employment and then followed her as she drove away from work. When DB was forced to stop to fix a flat tire, Moore pulled next to her and said: "If the police come to my house again, I'm going to mess up your house and you're not going to have your job anymore. I'm gonna fuck up your life. I'm just warning you about the police. Don't think you're out of it, I'm gonna be following you." *Id.,* ¶ 15. As a result of these events, MPD executed a consent search of Moore's residence on March 25, 2017. During the search, MPD uncovered two pistols, a gray Ceska Zbrojouka G48 6.35 caliber pistol and a black Davis Industries D32 .32 caliber Derringer pistol, both of which were located in a safe. The safe also contained several documents, including Moore's taxes and vehicle title. Although Moore denied owning the firearms, he confirmed that his DNA would be on them. Subsequently, after court records confirmed that Moore had previously been convicted of a felony, *id.,* ¶ 22, the government charged Moore with two counts of possessing the same firearm, one based on the March 17 confrontation, and the second based on the March 25 search. ECF No. 9 at 1-2.

## LEGAL STANDARD

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Certain motions, including ones alleging that an indictment fails to state an offense, must be made before trial. *See* Fed. R. Crim. P. 12(b)(3)(B)(v). "[A]t the pretrial stage, the indictment ordinarily should

be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government' case." *United States v. Risk*, 843 F.2d 1059, 1061 (7th Cir. 1988) (citing *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). However, a district court may dismiss an indictment prior to trial when the material facts are undisputed, *see Risk*, 843 F.2d at 1061, and the defense involves a purely legal question, *see United States v. Yasak*, 884 F.2d 996, 1001 n.3 (7th Cir. 1989) (citations omitted).

## DISCUSSION

Moore argues that his alleged possession of a firearm on March 17, 2017, which underlies count one, was continuous with his possession of the same firearm on March 25, 2017, which gave rise to count two. Accordingly, Moore contends that the indictment charging him with two counts, instead of one count, violates double jeopardy. "The Double Jeopardy Clause of the Fifth Amendment prohibits 'punishing twice, or attempting a second time to punish criminally, for the same offense.'" *United States v. Ellis*, 622 F.3d 784, 793 (7th Cir. 2010) (quoting *Witte v. United States,* 515 U.S. 389, 396 (1995)).

The government charged both counts as violations of 18 U.S.C. § 922(g)(1). Under 18 U.S.C. § 922(g), "the unit of prosecution is the act of possession." *United States v. Bloch*, 718 F.3d 638, 643 (7th Cir. 2013) (internal citations omitted). As a result, "a single act of possession can yield only one conviction under 18 U.S.C. § 922(g)." *Id.* Possession is defined as a "continuing offense," for which "[p]ossession . . . ceases only when the possession stops." *Ellis*, 622 F.3d at 793 (citing *United States v. Fleischli*, 305 F.3d 643, 658 (7th Cir. 2002)). To charge and punish a defendant for more than one count of possession, the defendant must have "relinquish[ed] . . . both actual and constructive possession of the gun before it is reacquired." *Id*. at 794 (citing *United States v. Lloyd*, 71 F.3d 1256, 1267 (7th Cir. 1995)).

Moore's double jeopardy argument is foreclosed by *United States v. Conley,* 291 F.3d 464 (7th Cir. 2002). There, the government charged the defendant with two counts of possessing the same weapon, and the defendant made a similar challenge under the Double Jeopardy Clause. Relying on other circuits, the Seventh Circuit found that "a felon may be charged and convicted of two counts of possessing the same firearm only if: (1) he possesses the weapon; (2) he is aware that his possession of the weapon has been interrupted; and (3) he thereafter reacquires possession of the weapon himself." *Id.* at 470. "Put another way, the Government may charge and convict an individual of multiple violations of § 922(g)(1) only if 'it can produce evidence demonstrating that the firearms were stored or acquired separately and at different times or places.'" *Id.* (quoting *United States v. Buchmeier*, 255 F.3d 415, 423 (7th Cir. 2001)). Thus, although the government will have to prove an interruption in possession to secure convictions on both counts, *Conley* makes clear that there is nothing precluding the government from *indicting* Moore for two counts of possessing the same weapon.

The *Conley* court also rejected the defendant's argument that "the indictment was defective because it failed to expressly state that Conley's possession of the shotgun was interrupted" between the two dates he was alleged to have possessed the gun. *Id.* at 471.

> [W]hen an indictment charges two violations of 18 U.S.C. § 922(g)(1), on two specific dates, it follows that the defendant has been notified of the Government's intent to prosecute him for unlawfully possessing a weapon in two separate courses of conduct. Furthermore, in this case, the interruption of possession was an element of neither of the offenses charged in the indictment. Conley could have been convicted on either one of the charges without any proof of interruption, because if Conley possessed the weapon in a continuous course of conduct beginning in July 1999 and continuing through January 2000, he would have been guilty of only one crime. Therefore, although interruption was another fact that the Government was required to prove in order to obtain successful convictions on more than one count, it was not necessary to allege this fact in any of the counts in the indictment itself.

4

Case 2:20-cr-00091-PP-SCD    Filed 09/10/20    Page 4 of 6    Document 28

*Id.* (citations omitted).

Based on the rationale of *Conley*, the defendant here is on notice that the government will be attempting to prosecute him for two separate courses of conduct, and nothing precludes the government from charging him twice for possession of the same weapon.

Moore's main argument seems to be that the *facts* here do not support such charges: the charges are based on ownership of the same weapon only a few days apart, and the government's explanation for believing there was a break in ownership is unconvincing. Yet this is essentially tantamount to arguing that the government's case is weak, a kind of "summary judgment" imported from the civil arena. As courts have held, however, "there is no summary judgment analog in criminal cases." *United States v. Lupton*, No. 07-CR-219, 2007 WL 4303714, at *3 (E.D. Wis. Dec. 10, 2007). At this stage, the question is merely whether, as a matter of *law*, the indictment is flawed. "[A]t the pretrial stage, the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government' case." *Risk*, 843 F.2d at 1061 (citing *Sampson*, 371 U.S. at 78–79). The narrow exception to this rule, based on the "unusual circumstances" present in *Risk*, comes into play where the evidence is undisputed at the pretrial stage. *Id.* In that circumstance, a court could rule as a matter of law that the stipulated evidence failed to support the proposed charge. *Id.* Here, by contrast, the parties have an emphatic disagreement about what the evidence will show, and so that exception does not come into play. Although I agree with the defendant that proving a break in possession of the same gun during an eight-day period could prove difficult, that is a question of fact for the jury, not a matter for pretrial dismissal.

5

## CONCLUSION

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss, ECF No. 16, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the district judge in writing.

Dated at Milwaukee, Wisconsin, this 10th day of September, 2020.

**BY THE COURT:**

STEPHEN C. DRIES
United States Magistrate Judge