UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

  Plaintiff,

 v.                                                            Case No. 20-CR-91

ANTWON MOORE,

  Defendant.

---

### REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

---

On October 6, 2020, a grand jury returned a superseding indictment against Antwon Moore, charging him with four counts. *See* ECF No. 31. Count one charged Moore with possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count two charged Moore with arson of a rented residence in violation of 18 U.S.C. § 844(i). At issue here, however, are counts three and four, which charge Moore with attempting to tamper with a witness in violation of 18 U.S.C. § 1512(b)(1). The matter is assigned to United States District Judge Pamela Pepper for trial and to this court for resolving pretrial motions. *See* 28 U.S.C. § 636; Fed. R. Crim. P. 59; E.D. Wis. Gen. L. R. 72. Moore has filed a motion to dismiss counts three and four on the basis that the indictment failed to allege that Moore intended to influence an official *federal* proceeding. *See* ECF No. 53. Because counts three and four tracked the statutory language of the offense for which Moore was charged, I recommend that the district court deny Moore's motion to dismiss the indictment.

## BACKGROUND

Counts three and four each charge Moore with witness tampering in violation of 18 U.S.C. § 1512(b)(1). *See* ECF No. 31. In count three, the government alleges that between February 11, 2019, and April 20, 2020, Antwon Moore:

> did knowingly attempt to corruptly persuade WDA with the intent to influence testimony in an official proceeding by directing him to provide a false alibi for Moore regarding his whereabouts when he committed the federal offense of arson, as charged in Count Two.

*Id.* at 4. In count four, the government alleges that on or about February 19, 2019, Antwon Moore:

> did knowingly attempt to intimidate, threaten, and corruptly persuade LM by going to her home . . . while masked and brandishing what appeared to be a firearm, with the intent as to influence, delay, and prevent her testimony in an official proceeding regarding the federal offense of arson, as charged in Count Two.

*Id.* at 5. Moore's motion to dismiss counts three and four followed, *see* ECF No. 53.

## DISCUSSION

Federal Rule of Criminal Procedure 12(b) allows consideration at the pretrial stage of "defenses, objections, and requests . . . [that] the court can determine without a trial on the merits," including "a defect in the indictment or information" such as "[the] failure to state an offense." Fed. R. Crim. P. 12(b). An indictment must be dismissed where "the defendant . . . demonstrate[s] that the indictment did not satisfy one or more of the required elements and that [the defendant] suffered prejudice form the alleged deficiency." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Dooley,* 578 F.3d 582, 589-90 (7th Cir.2009)).

"An indictment is sufficient so long as it: '(1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense;

and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense.'" *United States v. Miller*, 883 F.3d 998, 1002 (7th Cir. 2018) (quoting *United States v. McLeczynsky*, 296 F.3d 634, 636 (7th Cir. 2002)). In short, an indictment "is generally sufficient . . . [where] an indictment set[s] forth the offense in the words of the statute itself—as long as the statutory language unambiguously sets out all the elements necessary to constitute the offense." *United States v. Allender*, 62 F.3d 909, 914 (7th Cir. 1995) (citing *United States v. Hinkle,* 637 F.2d 1154, 1157 (7th Cir.1981)). Indeed, "a court . . . should refrain from reading [the indictment] in a hypertechnical manner." *Id.* "'The test for validity is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.'" *Vaughn*, 722 F.3d at 925 (quoting *United States v. Hausmann,* 345 F.3d 952, 955 (7th Cir. 2003)).

The statute at issue here prohibits anyone from "knowingly us[ing] intimidation, threaten[ing], or corruptly persuad[ing] another person, or attempt[ing] to do so, or engag[ing] in misleading conduct toward another person, with intent to— (1) influence, delay, or prevent the testimony of any person in an official proceeding." 18 U.S.C. § 1512(b)(1). Moore focuses his argument on the meaning of the term "official proceeding," arguing that the government must specify in the indictment that the official proceeding is a *federal* proceeding.

Moore's argument is doomed by the fact that 18 U.S.C. § 1515 supplies the definition for the term "official proceeding," defining that term as "a[ny] proceeding before a judge or court of the United States, [or] a United States magistrate judge" 18 U.S.C. § 1515(a)(1)[1]; *see*

---

[1] The statute also indicates that official proceedings could include proceedings before Congress or federal agencies, or even proceedings before insurance regulatory officials who regulate insurance activities that affect interstate commerce. 18 U.S.C. § 1515(a)(1)(A)-(D). Given the context of what's alleged in the indictment, however, it should be clear that the indictment's reference to an "official proceeding regarding the federal offense of arson" would be a proceeding occurring in federal court as defined in § 1515(a)(1)(A).

3

*United States v. Burge*, 711 F.3d 803, 808 (7th Cir. 2013) (affirming that 18 U.S.C. § 1515 supplies the definition for the term "official proceeding" in 18 U.S.C. § 1512). In other words, because the statute itself defines "official proceeding" as a federal proceeding, the indictment adequately alleges interference with a federal proceeding. It is not uncommon for federal criminal statutes to define terms, and courts have not required the government to regurgitate those definitions in indictments. In *United States v. Ard*, for example, the defendant argued that the indictment was deficient because it failed to allege the involvement of a financial institution. No. 10-40108-01-RDR, 2011 WL 686178, at *2 (D. Kan. Feb. 18, 2011). However, the indictment alleged a "monetary transaction," a term of art that the statute defines as requiring involvement of a financial institution. 18 U.S.C. § 1957(f)(1). The district court concluded that "the Indictment's allegations are sufficient because 'monetary transaction' may be considered a legal term of art which incorporates the element of the involvement of a 'financial institution.'" *Id.*

Similarly, in *United States v. Kovach,* the Tenth Circuit rejected a challenge based on the indictment's failure to explicitly mention interstate commerce. 208 F.3d 1215, 1219 (10th Cir. 2000). The court, agreeing with the Fourth Circuit, found that because the indictment alleged an "organization," which the statute defined as an entity engaged in interstate commerce, the indictment in effect incorporated the statute's definition. *Id.* ("[D]escribing IHC Health Plan as an 'organization,' the indictment effectively alleged the interstate commerce element, even though it did not parrot the component parts of the statutory definition."). Finally, in a case from this district, the defendant argued the indictment was insufficient for failing to allege that it was a *federally* licensed firearm dealer to whom the defendant made a false statement. *See United States v. Taylor,* No. 2:10-CR-00027-RTR, 2010 WL 1904906, at *1 (E.D. Wis. Apr.

4

12, 2010), *report and recommendation adopted*, No. 10-CR-27, 2010 WL 1904907 (E.D. Wis. May 6, 2010). Judge Callahan's recommendation rejected that argument, finding that the term "licensed dealer"—which the indictment used—"expressly incorporates the element that the dealer be licensed by the Attorney General." *Id.* at 3. These cases stand for the sensible principle that an indictment need not set forth everything that's defined in the statute.

In addition to the factual allegations, counts three and four also cite the statute, alleging that Moore's actions were committed in violation of 18 U.S.C. § 1512(b)(1). ECF No. 31 at 4-5. "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern,* 155 F.3d 1318, 1325 (11th Cir. 1998); *see also United States v. Cefaratti,* 221 F.3d 502, 508 (3d Cir. 2000) ("[T]he statute specifically defines the term, and [defendant] had only to read the statutory section under which he was charged to understand."). In addition, counts three and four charge Moore with persuading or intimidating victims WDA and LM regarding their "testimony in an official proceeding *regarding the federal offense of arson,* as charged in Count Two." ECF No. 31 at 4-5 (italics added). Even without looking to § 1515 to learn the definition of an "official proceeding," anyone reading the indictment on its own would reasonably conclude that the "official proceeding regarding the *federal* offense of arson" would be a federal proceeding, not a municipal or state one. The indictment is, therefore, more than adequate.

In *United States v. Ho,* the defendant made a similar argument as Moore, suggesting that his indictment must be dismissed because it did not specifically allege tampering with a particular federal proceeding. 2009 WL 749535, at *4 (D. Haw. Mar. 19, 2009). Instead, as here, the indictment merely referenced an "official proceeding." *Id.* at 3. The court gave short

5

shrift to the defendant's argument, however, finding that, "[g]iven that the allegations track the statutory language and provide detail regarding the charges, these allegations appear sufficient to state violations of § 1512(b)(1)." *Id.* Similarly, in *United States v. Moyer,* the court rejected a related argument, noting that the defendant "conflates pleading with proof." 726 F. Supp. 2d 498, 511 (M.D. Pa. 2010) (citations omitted). "The Government need not allege that a defendant intended to affect . . . an official proceeding at the indictment stage; this is a matter for the jury to decide after evidence has been presented at trial. . . . Whether or not Defendant foresaw a federal investigation or prosecution in the matter is a question for the jury to decide." *Id.*

Moore's authorities are not to the contrary. He first cites to the Seventh Circuit Pattern Criminal Jury Instructions, see ECF No. 53 at 2, to argue that the definition of "official proceeding" qualifies as a requisite element. However, jury instructions speak to the sufficiency of evidence at trial, not the sufficiency of the indictment. Further, the jury instructions merely indicate in the comments that the "official proceeding" must be a federal proceeding, but that does not tell us anything other than what the statute itself says. 18 U.S.C. § 1515. As noted earlier, the statute defines official proceedings as federal proceedings, and so there was no need for the indictment to repeat the statutory definition.

Moore also relies on Magistrate Judge Jones' report and recommendation in *United States v. Grills*, No. 18-CR-228, Doc. 31 (E.D. Wis. Jul. 22, 2019), to argue that dismissal is warranted when the government fails to allege the federal nexus in the indictment.[2] The *Grills* case concerned the application of 18 U.S.C. § 1512(b)(3), not § 1512(b)(1), but the issue raised

---

[2] The district judge found the report and recommendation moot after the government filed a superseding indictment. No. 18-CR-228-JPS, 2019 WL 5587328 (E.D. Wis. Oct. 30, 2019).

there is a close cousin. Section 1512(b)(3) criminalizes the use of intimidation, threats, or corrupt persuasion with the intent to "hinder, delay, or prevent the communication to a law enforcement officer or judge *of the United States.*" 18 U.S.C. § 1512(b)(3) (emphasis added). As Judge Jones found, communication to a *federal* law enforcement officer was an element of that offense, and he recommended dismissal of the indictment because it did not include the phrase "of the United States" in the charge. I do not find the recommendation persuasive, however. First, a review of the briefing in that case indicates that the government did not point out to Judge Jones that § 1515 supplied a definition clarifying that "law enforcement officer" meant "an officer or employee of the Federal Government." 18 U.S.C. § 1515(a)(4). Thus, as in this case, the statute itself supplied the very omission that the defendant believed was fatal. Second, the report and recommendation appears to rely exclusively on cases addressing what the government must prove to a jury rather than what it must plead in an indictment.

Moore's reliance on *Fowler v. United States,* 563 U.S. 668 (2011), and *United States v. Snyder,* 864 F.3d 490 (7th Cir. 2017), suffers a similar deficiency. *Snyder,* which in turn relied on *Fowler,* established that the government must *prove* a reasonable likelihood that the victim would have communicated with a federal officer. 864 F.3d at 496. Neither case stands for the principle that the government must specify *in the indictment* that the officer is federal (particularly if the statute already defines the officer as such). As recounted above, what's in the indictment and what's proven to a jury are very different questions. *See also United States v. Hamilton,* No. 1:15-CR-0240-TCB, 2016 WL 1696136, at *4 (N.D. Ga. Apr. 28, 2016) ("*Fowler* did not introduce any new elements for a conviction under § 1512. Instead, the Supreme Court merely interpreted the already-present element of intent to exclude those

7

situations where 'the likelihood of communication to a federal officer was [not] more than remote, outlandish or hypothetical.'" (quoting *Fowler*, 563 U.S. at 678)). Accordingly, I do not believe *Grills* is persuasive authority here.

In sum, the indictment alleges interference with an official proceeding, which the statute itself defines as a federal proceeding. It also explains the government's theory as to which statutes Moore violated and when Moore engaged in that conduct. "[A]n indictment that includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes is sufficient." *Vaughn,* 722 F.3d at 927. Therefore, I recommend that the motion be denied.

## CONCLUSION

For all the foregoing reasons, it is **RECOMMENDED** that the defendant's motion to suppress, ECF No. 53, be **DENIED**. Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the district judge in writing.

Dated at Milwaukee, Wisconsin, this 27th day of April, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge