UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.

ANTWON MOORE,

      Defendant.

Case No. 20-cr-91-pp

---

**ORDER ADOPTING JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 60) AND DENYING DEFENDANT'S MOTION TO DISMISS COUNTS THREE AND FOUR OF THE SUPERSEDING INDICTMENT (DKT. NO. 53)**

---

On October 6, 2020, the grand jury returned a four-count superseding indictment against defendant Antwon Moore. Dkt. No. 31. The defendant filed a motion to dismiss Counts Three and Four of the indictment. Dkt. No. 53. Magistrate Judge Stephen C. Dries recommended that the court deny that motion. Dkt. No. 60. Neither party objected. This order reviews Judge Dries's report for clear error, finds none, adopts his recommendation and denies the defendant's motion to dismiss.

**I.    Background**

    A.    <u>Superseding Indictment (Dkt. No. 31)</u>

Count One of the superseding indictment charges the defendant with possessing firearms and ammunition, knowing that he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2). Dkt. No. 31 at 1-2.

Count Two alleges that the defendant committed an arson of a residential rental property on North 67th Street in Milwaukee, in violation of 18 U.S.C. §844(i). Id. at 3. Count Three charges that on two different dates the defendant tried to tamper with witness WDA, in violation of 18 U.S.C. §1512(b)(1). Id. at 4. The superseding indictment alleges that the defendant

> did knowingly attempt to corruptly persuade WDA with the intent to influence his testimony in an official proceeding by directing him to provide a false alibi for [the defendant] regarding his whereabouts when he committed the federal offense of arson, as charged in Count Two.

Id. at 4.

Count Four alleges that on yet another date, the defendant violated 18 U.S.C. §1512(b)(1) when he

> did knowingly attempt to intimidate, threaten, and corruptly persuade LM by going to her home, XXX8 North 67th Street, Milwaukee, while masked and brandishing what appeared to be a firearm, with the intent as to influence, delay, and prevent her testimony in an official proceeding regarding the federal offense of arson, as charged in Count Two.

Id. at 5.

  B. <u>Defendant's Motion to Dismiss Counts Three and Four of the Superseding Indictment (Dkt. No. 53)</u>

The defendant moved to dismiss only Counts Three and Four (the witness tampering counts) of the superseding indictment. Dkt. No. 53. The defendant argued that "[t]he indictment fails to allege the element that [the defendant] acted to influence, delay, and prevent the testimony of any person in an official federal proceeding." Id. at 1. He reasoned that "the indictment makes no reference to the defendant's intent to influence, delay, and prevent

2

the testimony of any person in an official *federal* proceeding," and does not "substantially state this element in any other form." Id. at 3 (citing United States v. Weatherspoon, 581 F.2d 595, 600 (7th Cir. 1978)). Concluding that "[t]he indictment thus fails to allege an essential element of Counts Three and Four," the defendant contends that such a failure was "fatal to the indictment on this count." Id. at 4.

  C. Judge Dries's Report and Recommendation (Dkt. No. 60)

Judge Dries recommended that the court deny the motion. Dkt. No. 60. Judge Dries observed that 18 U.S.C. §1512 "prohibits anyone from 'knowingly us[ing] intimidation, threaten[ing], or corruptly persuad[ing] another person, or attempt[ing] to do so, or engag[ing] in misleading conduct toward another person, with intent to—(1) influence, delay, or prevent the testimony of any person in an official proceeding." Id. at 3 (citing 18 U.S.C. §1512(b)(1)). Noting the defendant's argument "that the government must specify in the indictment that the official proceeding is a *federal* proceeding," Judge Dries characterized that argument as "doomed." Id. He reasoned that 18 U.S.C. §1515 defines "official proceeding" as "a[ny] proceeding before a judge or court of the United States, [or] a United States magistrate judge." Id. (citing 18 U.S.C. §1515(a)(1); United States v. Burge, 711 F.3d 803, 808 (7th Cir. 2013)). He concluded that "because the statute itself defines 'official proceeding' as a federal proceeding, the indictment adequately alleges interference with a federal proceeding." Id. at 4.

Judge Dries stressed that Counts Three and Four not only stated the operable facts, but specifically cited violations of 18 U.S.C. §1512(b)(1) and "*the federal offense of arson.*" Id. at 5 (emphasis in original). He concluded that (1) "[i]f an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge," id. (quoting United States v. Fern, 155 F.3d 1318, 1325 (11th Cir. 1998)); and that (2) "[e]ven without looking to § 1515 to learn the definition of an 'official proceeding,' anyone reading the indictment on its own would reasonably conclude that the 'official proceeding regarding the *federal* offense of arson' would be a federal proceeding, not a municipal or state one," id. (emphasis in original).

## II. Analysis

### A. Standard

Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the magistrate judge's recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). "If no party objects to the magistrate judge's action, the district court judge may simply accept it." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 760 (7th Cir. 2009). "[A]lthough a district judge *must* make an independent determination of magistrate judge's order upon objection, he is not *precluded* from reviewing a magistrate judge's order to which a party did not object." Id. (citing Allen v.

Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006); Phillips v. Raymond Corp., 213 F.R.D. 521, 525 (N.D. Ill. 2003)).

After Judge Dries issued the report, defense counsel informed the court that he (1) had that report, (2) had "discussed these matters and the case in general with [the defendant]," and (3) "will not be filing any objections to the Court's recommendation that the motion be denied." Dkt. No. 61. Accordingly, the court must decide only whether Judge Dries's report and recommendation are clearly erroneous.

B.  Discussion

The court has reviewed and finds no clear error in Judge Dries's report and recommendation. As Judge Dries concluded, the reasonable understanding of an official "proceeding" related to "the federal offense of arson" would be a federal proceeding. Both counts—Count Three and Count Four—allege that the defendant attempted to corruptly persuade the witness (Count Three) or intimidate, threaten and corruptly persuade the witness (Count Four) in relation to "the federal offense of arson, as charged in Count Two." Both counts allege that the defendant acted to influence the witness' testimony "in an official proceeding," the term of art defined in 18 U.S.C. §1515 as "a[ny] proceeding before a judge or court of the United States, [or] a United States magistrate judge." The court will adopt Judge Dries's recommendation in full and will deny the defendant's motion to dismiss Counts Three and Four of the superseding indictment.

### III.  Conclusion

The court **ADOPTS** Judge Dries's recommendation. Dkt. No. 60.

The court **DENIES** the defendant's motion to dismiss Counts Three and Four of the superseding indictment. Dkt. No. 53.

Dated in Milwaukee, Wisconsin this 18th day of June, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**